**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:  (406) 657-6101
FAX:    (406) 657-6989
E-Mail:  Colin.Rubich@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JAMES THEODORE TOMS,**<br><br>Defendant. | CR 17-20-BLG-SPW<br><br>**OFFER OF PROOF** |

The United States, represented by Assistant U.S. Attorney Colin M. Rubich files the following offer of proof in anticipation of the change of plea hearing set in this case on October 11, 2017.

### THE CHARGE

The defendant, James Theodore Toms, is charged by indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21

1

U.S.C. § 846 (Count I) and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II).

## PLEA AGREEMENT

There is a plea agreement in this case. Toms will plead guilty to Count II, possession with intent to distribute methamphetamine. At the time of sentencing, the United States will move to dismiss Count I if the Court accepts the plea agreement.

The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 133 (2012).

## ELEMENTS OF THE CHARGE

In order for the defendant to be found guilty of the charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in Count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed fifty or more grams of actual (pure) methamphetamine; and

> Second, the defendant possessed it with the intent to distribute it to another person.

## PENALTY

The charge contained in the indictment carries a mandatory minimum punishment of ten years to life imprisonment, a $10,000,000 fine, five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

Beginning in January of 2014, several confidential sources identified the defendant, James Toms and co-defendant Elizabeth Myers, as major methamphetamine dealers in Miles City.  One confidential source stated that Toms would sell between three to five 8 balls of methamphetamine per day.  The CS identified two of Toms' major retail dealers in Miles City and stated that one of the dealers claimed to sell three ounces of Toms' methamphetamine per night.

On April 14, 2015, a Montana Division of Criminal Investigation (MDCI) confidential informant conducted a controlled purchase of methamphetamine from Toms.

On May 7, 2015, another confidential informant conducted a controlled purchase of methamphetamine from Toms.

On May 27, 2015, FedEx contacted law enforcement because it had identified a package containing methamphetamine in Miles City.  Law

enforcement took custody of the package and determined it contained 7 ounces of methamphetamine. The package was addressed to a residence in Miles City and the named recipient was Elizabeth Myers' daughter.

Also on May 27, 2015, two Miles City residents contacted the police to report that they had received a package containing methamphetamine. It was later determined that the package contained 2 ounces of methamphetamine. The residents stated that Elizabeth Myers regularly had packages sent to their residence, usually addressed to her daughter, and that Myers always picked up the packages. The package they reported to the police was one of those packages.

On July 6, 2015, agents conducted a mirandized interview with Myers, who was in custody regard unrelated charges. Myers admitted to receiving methamphetamine from California for redistribution in Montana and that Toms was involved in this redistribution. Myers also stated she sold 8-balls of methamphetamine she received from Toms and wired money to their source of supply using MoneyGram.

DATED this 10th day of October, 2017.

>KURT G. ALME
>United States Attorney
>
>*/s/ Colin M. Rubich*
>COLIN M. RUBICH
>Assistant U.S. Attorney